UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LILIAN FARANSO,

      Plaintiff,

v.                                         Case No.
                                         Honorable

DOLLAR TREE STORES, INC.,

      Defendants.

| DAVID K. WHIPPLE (P36767) | LISA T. MILTON (P38129) |
|---|---|
| Skupin & Lucas, P.C. | Bowen, Radabaugh & Milton, P.C. |
| Attorney for Plaintiff | Attorney for Defendant |
| 155 W. Congress Street, Suite 350 | 100 East Big Beaver Road, Suite 350 |
| Detroit, MI 48226-3298 | Troy, MI 48083 |
| P: (313) 961-0425/F: (313) 961-1033 | P: (248) 641-8486/F: (248) 641-8219 |
| Email: dwhipple@skupinandlucas.com | Email: ltmilton@brmattorneys.com |

## NOTICE OF REMOVAL

      PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, the above-captioned action, which is currently pending in the Circuit Court for the County of Oakland, in the State of Michigan, is hereby removed by Defendant, Dollar Tree Stores, Inc. to the United States District Court for the Eastern District of Michigan by the filing of this Notice of Removal with the Clerk of the United States District Court for the Eastern District of Michigan.   As grounds for removal, Defendant state as follows:

      1.     There is now pending in the Oakland County Circuit Court Case No. 21-190729-NO, a civil action in which Lilian Faranso is the Plaintiff

2.      Pursuant to 28 U.S.C. § 1446(a), a complete copy of the Complaint filed by Plaintiff is attached as **Exhibit 1** and a complete copy of the First Amended Complaint filed by Plaintiff is attached as **Exhibit 2.** Dollar Tree Stores, Inc. was not served with the Complaint.  Dollar Tree Stores, Inc was provided a copy of the filed First Amended Complaint on January 17, 2022.

3.      A complete copy of the Answer to the First Amended Complaint, Special and/or Affirmative Defenses and Jury Demand filed by Dollar Tree Stores, Inc. is attached as **Exhibit  3.**

4.      Defendant Elias White Lake, LLC has been dismissed as a Defendant in this matter. **Exhibit 4.**

5.      That based on the extent of the Plaintiff's claimed injuries and the allegations as asserted in Plaintiff's Complaint, the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost. Plaintiff has refused to stipulate to cap damages at $75,000.00.

6.      This action now involves a controversy between citizens of different states.

a.      Plaintiff is, at the time of the commencement of this action, a citizen and resident of the State of Michigan.  **Exhibit 2, ¶ 1**.

b.      Dollar Tree Stores, Inc. is a corporation created and organized under the laws of the State of Virginia.

2

e.      Dollar Tree, Inc. is a company publicly traded on the NASDAQ Stock Exchange.

6.      The District Court of the United States is given original jurisdiction of this action pursuant to 28 U.S.C. § 1332.  Removal is being sought pursuant to 28 U.S.C. §§ 1441 and 1446(b)(3).

7.      This notice is being filed with the Court within thirty (30) days of the receipt by the Defendant of the initial pleading.  The Defendant was provided a copy of the First Amended Complaint on January 17, 2022.

8.      A true and correct copy of this Notice will be filed with the Clerk for the County of Oakland as provided by law.

Wherefore, Defendant, Dollar Tree Stores, Inc., respectfully requests that this matter be removed from Oakland County Circuit Court to this Court.

Respectfully submitted,

BOWEN, RADABAUGH & MILTON, P.C.


By:  /s/Lisa T. Milton
LISA T. MILTON (P38129)
Attorney for Defendant Dollar Tree
100 East Big Beaver Road, Suite 350
Troy,  MI  48083
P: (248) 641-8486/F: (248) 641-8219
Dated: January 28, 2022          Email: ltmilton@brmattorneys.com


**Proof of Service**

I certify that on January 28, 2022, this document was electronically filed with the Clerk of the Court and electronically served upon all attorneys of record using this court's e-filing/e-serve system.


 /s/Kim King

3

| **STATE OF MICHIGAN**<br>MI Oakland County 6th Circuit Court | **PROOF OF ELECTRONIC SERVICE** | **CASE NO.** 2021-190729-NO |
|---|---|---|

Case title
FARANSO,LILIAN,, vs. ELIAS WHITE LAKE

1. MiFILE served the following documents on the following persons in accordance with MCR 1.109(G)(6).

| Type of document | Title of document |
|---|---|
| MISCELLANEOUS | Notice of Removal |

| Person served | E-mail address of service | Date and time of service |
|---|---|---|
| Arthur Jalkanen | ajalkanen@sjpclaw.com | 01/28/2022  10:59:49 AM |
| Lilian Faranso | dwhipple@skupinandlucas.com | 01/28/2022  10:59:49 AM |

2. I, Kimberly King, initiated the above MiFILE service transmission.

This proof of electronic service was automatically created, submitted, and signed on my behalf by MiFILE. I declare under the penalties of perjury that this proof of electronic service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

01/28/2022
Date

/s/Kimberly King
Signature

BOWEN, RADABAUGH & MILTON, P.C.
Firm (if applicable)

# EXHIBIT 1

This case has been designated as an eFiling case, for more information please visit www.oakgov.com/efiling.

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

LILIAN FARANSO

            Plaintiff,

-vs-

ELIAS WHITE LAKE LLC, d/b/a
DOLLAR TREE, a Foreign Limited
Liability Company

            Defendant.

_____/

Case No. 21-            -NO
HON.   2021-190729-NO

JUDGE PHYLLIS C. MCMILLEN

LEE STEINBERG LAW FIRM, P.C.
BY:    ERIC S. STEINBERG, P69668
Attorney for Plaintiff
29777 Telegraph Rd., Suite 1555
Southfield, MI 48034
(248) 352-7777/ Fax: (248) 352-6254

_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

## **COMPLAINT**

NOW COMES the Plaintiff, LILIAN FARANSO, by and through her attorneys, LEE STEINBERG LAW FIRM P.C., by ERIC S. STEINBERG, and for her Complaint against the Defendant, ELIAS WHITE LAKE LLC, d/b/a DOLLAR TREE , states as follows:

1.    That the Plaintiff, LILIAN FARANSO, is a resident of the township of West Bloomfield, County of Oakland, State of Michigan.

2.    That the Defendant, ELIAS WHITE LAKE LLC, d/b/a DOLLAR TREE, is a Foreign Limited Liability Company, duly licensed and authorized to conduct business in the township of White Lake, County of Oakland, State of Michigan.

3.    That the amount in controversy is in excess of Twenty-Five Thousand ($25,000.00) Dollars, and is within the jurisdiction of this Court.

4.   That on or about June 21, 2020, the Plaintiff, LILIAN FARANSO, was an invitee at DOLLAR TREE located at 8040 Cooley Lake Rd., White Lake, Michigan. Plaintiff was in the aisle of the DOLLAR TREE store, when a store employee knocked into her, causing her to fall and sustain serious personal injuries.

5.   That the Defendant, ELIAS WHITE LAKE LLC, d/b/a DOLLAR TREE, owed a duty to the public, and in particular, to the Plaintiff, and breached said duties in the following ways, including but not limited to:

   A.   Employing personnel who are unskilled, incompetent and unfit for such employment;

   B.   Employing personnel who negligently walked and or navigated through the store in such a manner as to cause injury to customers;

   C    Negligently leaving carts and boxes on the floor to cause a dangerous condition and in such a manner as to cause injury to customers;

   D.   By failing to secure dangerous condition on their premises, safety and well-being of the Plaintiff, LILIAN FARANSO;

   E.   Failure to use ordinary care for Plaintiff's safety;

   F.   Failure to exercise reasonable care for Plaintiff's safety in the circumstances;

   G.   Other such negligence.

6.   That as a direct and proximate result of the above-mentioned negligence of the Defendant, ELIAS WHITE LAKE LLC, d/b/a DOLLAR TREE,  the Plaintiff sustained injuries, including, but not limited to low back pain, right hip injury, neck pain and right wrist injury, which has resulted in past, present and future pain and suffering, mental anguish, loss of enjoyment of life, loss of earnings and/or earning capacity, loss of function, all of which were permanent in nature and subsequently caused his death.

7.   That as a further direct and proximate result of the negligence of the Defendant, ELIAS WHITE LAKE LLC, d/b/a DOLLAR TREE, the Plaintiff has incurred extensive medical, hospital and doctor bills.

2

8.    That Plaintiff has sustained and continues to sustain the damages reflected
      directly above, together with other damages more fully delineated in the common
      allegations in the above, in the past, up to the present, and will continue to sustain
      said damages into the unknown futureto those persons who may be entitled to
      such damage when recovered.

**WHEREFORE**, Plaintiff, LILIAN FARANSO, prays for a Judgment against the
Defendant, ELIAS WHITE LAKE LLC, d/b/a DOLLAR TREE, a Foreign Limited Liability
Company, in whatever amount in excess of Twenty-Five Thousand ($25,000.00) Dollars, to
which Plaintiff is found to be entitled to by the trier of fact, together with costs, interest and
attorney fees.

                          Respectfully submitted,

                          LEE STEINBERG LAW FIRM, P.C.


                    BY: _____
                          ERIC S. STEINBERG, (P69668)
                          Attorney for Plaintiff
                          29777 Telegraph Rd., Suite 1555
                          Southfield, MI 48034
                          (248) 352-7777

Dated: October 20, 2021


3

# EXHIBIT 2

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

LILIAN FARANSO                                    CASE NO. 21-190729-NO

              Plaintiff,                          HON. PHYLLIS C. McMILLEN

v.

DOLLAR TREE STORES, INC.,

              Defendant.
_____

DAVID K. WHIPPLE (P36767)
Skupin & Lucas, P.C.
Attorneys for Plaintiff
155 W. Congress Street, Suite 350
Detroit, Michigan 48226
(313) 961-0425
Fax (248) 961-1033
dwhipple@skupinandlucas.com
tjones@skupinandlucas.com
_____

### PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND

NOW COMES the above-named Plaintiff, LILIAN FARANSO, by and through her attorneys, SKUPIN & LUCAS, P.C., and for her Amended Complaint states as follows:

### COMMON ALLEGATIONS

1.      That at all times herein mentioned Plaintiff, LILIAN FARANSO, was a resident of the City of West Bloomfield, County of Oakland, State of Michigan.

2.      That the Defendant, DOLLAR TREE STORES, INC. (Defendant DOLLAR TREE) is a foreign profit corporation duly licensed and authorized to conduct business in the Township of White Lake, County of Oakland, State of Michigan.

1                                    FEE

FILED    Received for Filing    Oakland County Clerk    1/14/2022 12:18 PM

3.     That the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00) excusive of costs, interest, and attorney fees, and is therefore within the jurisdiction of this Court.

4.     That on or about June 21, 2020, Plaintiff, LILIAN FARANSO, was an invitee at the Defendant DOLLAR TREE located at 8040 Cooley Lake Road, White Lake, Michigan when suddenly, without any warning whatsoever, a store employee/manager knocked into her causing her to fall and sustain serious personal injury.

5.     That further the Defendant herein maintained a defective premises and is liable therefore including, but not limited to its employee/agent/store manager (male) while near and/or using an overloaded dolly and/or pallet with merchandise and/or boxes of merchandise and/or products, in addition to crowded, blocked, boxes and merchandise strewn about aisleways did then and there strike and make significant contact with the Plaintiff, from behind Plaintiff, causing her to fall and be knocked to the ground, and that further the aisles were so crowded with merchandise and/or clutter such that the premises were rendered defective.

6.     That at all times herein mentioned Defendant DOLLAR TREE owed a duty to invitees in general and to Plaintiff in particular to warn of or make safe any dangerous conditions and/or negligence and/or actions or inactions of its agents and/or employees which the Defendant knew or should have known involved an unreasonable risk of harm to an invitee and should have expected invitees would not discover or realize the danger, and to exercise ordinary care to protect invitees from unreasonable risks of injury that were known to Defendant and/or created by the Defendant, its agent and/or employees, or that should have been known in the exercise of ordinary care, and to exercise reasonable care to warn of dangers, special conditions and aspects known or that should

2

have been known and to inspect the subject premises to discover possible dangerous conditions.

7.    That at all times herein mentioned the Defendant DOLLAR TREE individually and through its agent and/or employees breached the aforementioned duties including, inter alia, the following:

   a. Failing and/or neglecting to properly train and/or instruct its employees who were unskilled, incompetent and unfit for such employment;

   b. By employing personnel who negligently walked and/or navigated through the store in such a negligent and/or reckless manner such as to cause injury to customers and Plaintiff in particular;

   c. Negligently failing to keep aisleways properly clear and unclogged, and leaving carts and boxes on the floor to cause dangerous and defective conditions of the premises in such a manner as to cause injury to invitees;

   d. Failing to properly instruct and/or warn, advise, invitees regarding potentially dangerous conditions on the premises including creating and maintaining dangerous conditions on the premises when the Defendant did have a duty to do so;

   e. Failure to use ordinary care for Plaintiff's safety;

   f. Failure to exercise reasonable care for the Plaintiff's safety under the circumstances then and there existing;

   g. Failing to properly instruct and/or train its employees for which said Defendant is responsible;

   h. Other acts and omissions constituting negligence to be determined through the course of discovery.

8.    That in direct and proximate result of the negligence and/or reckless acts or omissions of Defendant DOLLAR TREE, as herein before detailed and described Plaintiff, LILIAN FARANSO, sustained injuries, including but not limited to:

   a. Injuries to her head, low back, right hip, neck, right wrist;

   b. Physical pain and suffering (past, present and future);

   c. Central spinal disc herniation;

3

d.  Emotional and psychological pain and suffering (past, present and future), including but not limited to severe depression and post-traumatic stress;

e.  Fright and shock (past, present and future);

f.  Denial of social pleasures and enjoyments (past, present and future);

g.  Embarrassment, humiliation and/or mortification (past, present and future);

h.  Medical bills, liens, other medical expenses and/or out-of-pocket expenses;

i.  Other injuries and damages to be determined throughout the course of discovery.

WHEREFORE, Plaintiff, LILIAN FARANSO, prays for judgement against the Defendant, DOLLAR TREE STORES, INC., in whatever amount in excess of Twenty-Five Thousand Dollars ($25,000.00) to which Plaintiff is _____ entitled together with costs, interest and attorney fees.

Respectfully Submitted,

**SKUPIN & LUCAS, P.C.**

By:   */s/ David K. Whipple*
DAVID K. WHIPPLE (P36767)
Attorney for the Plaintiff
155 W. Congress, Suite 350
Detroit, MI 48226
Dated:  January 12, 2022          (313) 961-0425

<u>**PROOF OF SERVICE**</u>

The undersigned certifies that on the **12th** day of **January, 2022,** a copy of the foregoing document was served upon the attorney(s) of record in this matter at their stated business address as disclosed by the records herein via:

☐ Hand delivery          ☐ Overnight mail
☐ U.S. Mail              ☐ Facsimile
☐ Email                  ☒ Electronic e-file

I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

*/s/ Tamura K. Jones*
TAMURA K. JONES

4

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

LILIAN FARANSO                                    CASE NO. 21-190729-NO

        Plaintiff,                              HON. PHYLLIS C. McMILLEN

v.

DOLLAR TREE STORES, INC.,

        Defendant.
_____

DAVID K. WHIPPLE (P36767)
Skupin & Lucas, P.C.
Attorneys for Plaintiff
155 W. Congress Street, Suite 350
Detroit, Michigan 48226
(313) 961-0425
Fax (248) 961-1033
dwhipple@skupinandlucas.com
tjones@skupinandlucas.com
_____

## **DEMAND FOR JURY TRIAL**

      Plaintiff LILIAN FARANSO, by and through attorney David K. Whipple, requests

a trial by jury of this case.

                                          Respectfully Submitted,

                                          **SKUPIN & LUCAS, P.C.**

                        By:    */s/ David K. Whipple*
                                  DAVID K. WHIPPLE (P36767)
                                  Attorney for the Plaintiff
                                  155 W. Congress, Suite 350
                                  Detroit, MI 48226
Dated:  January 12, 2022                (313) 961-0425

FEE

**<u>PROOF OF SERVICE</u>**

The undersigned certifies that on the **12th** day of **January, 2022,** a copy of the foregoing document was served upon the attorney(s) of record in this matter at their stated business address as disclosed by the records herein via:

☐ Hand delivery               ☐ Overnight mail
☐ U.S. Mail                     ☐ Facsimile
☐ Email                          ☒ Electronic e-file

I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

           _/s/ Tamura K. Jones_
              TAMURA K. JONES

# EXHIBIT 3

STATE OF MICHIGAN
OAKLAND COUNTY CIRCUIT COURT

LILIAN FARANSO,

     Plaintiff,

v.

                            Case No. 21-190729-NO
                            Honorable Phyllis C. McMillen

ELIAS WHITE LAKE LLC, d/b/a
DOLLAR TREE, and DOLLAR TREE STORES, INC.,

     Defendants.

---

DAVID K. WHIPPLE (P36767)
Skupin & Lucas, P.C.
Attorney for Plaintiff
155 W. Congress Street, Suite 350
Detroit, MI 48226-3298
Phone: (313) 961-0425 / Fax: (313) 961-1033
Email: dwhipple@skupinandlucas.com

LISA T. MILTON (P38129)
Bowen, Radabaugh & Milton, P.C.
Attorney for Defendant Dollar Tree Stores
100 East Big Beaver Road, Suite 350
Troy,  MI  48083
Phone: (248) 641-8486/Fax: (248) 641-8219
Email: ltmilton@brmattorneys.com

ARTHUR W. JALKANEN (P33548)
Schwartz & Jalkanen, P.C.
Attorney for Defendant Elias White Lake
24445 Northwestern Hwy., Suite 209
Southfield, MI 48075
Phone: (248) 352-2555 / Fax: (248) 352-5963
Email: ajalkanen@sjpclaw.com

---

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT
AND SPECIAL AND/OR AFFIRMATIVE DEFENSES**

     Defendant, Dollar Tree Stores, Inc., represented by counsel, Bowen, Radabaugh & Milton, P.C., answers Plaintiff's amended complaint as follows:

**Common Allegations**

     1.     This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, neither admits nor denies them, but leaves Plaintiff to her proofs.

     2.     No contest.

     3.     No contest.

1

4.      It is denied that "suddenly, without warning whatsoever, a store employee/manger knocked int her causing her to fall."  As to the remaining allegations, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore, neither admits nor denies them, but leaves Plaintiff to her proofs.

5.      The allegations of this paragraph are denied for the reason that they are untrue.

6.      The allegations of this paragraph are denied for the reason that they are untrue.

7.      The allegations of this paragraph, including subparagraphs a. through h., are denied for the reason that they are untrue.

8.      The allegations of this paragraph, including subparagraphs a. through i., are denied for the reason that they are untrue.

Wherefore, Defendant, Dollar Tree Stores, Inc., respectfully requests this Honorable Court deny the relief requested by Plaintiff and instead, enter a Judgment of no cause for action, together with costs and attorney fees so wrongfully incurred.

Respectfully submitted,

BOWEN, RADABAUGH & MILTON, P.C.

By:   _/s/Lisa T. Milton_
        LISA T. MILTON (P38129)
        Attorney for Defendant Dollar Tree Stores
        100 East Big Beaver Road, Suite 350
        Troy,  MI  48083
        Phone: (248) 641-8486/Fax: (248) 641-8219
        Email: ltmilton@brmattorneys.com

## SPECIAL AND/OR AFFIRMATIVE DEFENSES

Defendant, Dollar Tree Stores, Inc., represented by counsel, Bowen, Radabaugh & Milton, P.C., states for its special and/or affirmative defenses the following:

1.      That Plaintiff was over fifty percent at fault for the incident and is not entitled to any noneconomic damages.

2.      That Plaintiff's claim is barred by the Doctrine of Res Judicata or Collateral Estoppel.

3.      That the condition which caused Plaintiff's fall was open and obvious.

4.      That this Defendant did not have actual or constructive notice of the condition which caused Plaintiff's fall.

5.      That this Defendant took reasonable measures within a reasonable time to diminish any alleged hazards.

6.      That Plaintiff's complaint fails to state a claim upon which recovery can be based.

7.      Defendant demands that Plaintiff join all claims against Defendant pursuant to MCR 2.203.

8.      That the Plaintiff had a duty to mitigate her damages and has failed to do so.

9.      That the claims set forth by the Plaintiff are barred by the Statute of Limitations and/or Statute of Repose.

10.      That the Plaintiff's claim is barred, in whole or in part, by the provisions of the Michigan Workers' Compensation Act, MCLA 418.131.

11.      That the Plaintiff's claim for exemplary damages are not proper, and this Defendant will move this Honorable Court to strike said paragraph as a matter of law.

12.      That the Plaintiff was negligent, contributorily negligent, comparatively negligent in failing to act as a reasonable, prudent person would under the circumstances and in failing to take reasonable precautions for her own safety.

13.    That there was sufficient intervening, superseding negligence of others, including the Plaintiff, and others unknown to this Defendant at this time.

14.    That the Defendant has not properly been served with process pursuant to the Michigan Court Rules, and this Defendant reserves the right to file a motion to quash said purported service of process.

15.    That the claims set forth by the Plaintiff are barred by release and/or accord and satisfaction.

16.    Plaintiff's claims against this Defendant are frivolous within the meaning of MCR 2.114, MCLA 600.2591, and MCLA 600.2949(2), thus entitling this Defendant to an award of actual costs and reasonable attorney's fees.   Defendant gives notice of its intent to seek reimbursement of all recoverable costs, expenses and actual attorney fees to the fullest extent permitted by law.

17.    This Defendant reserves the right to plead and prove further Special and/or Affirmative Defenses that may become known through discovery and/or trial of the above-entitled cause.

Respectfully submitted,

BOWEN, RADABAUGH & MILTON, P.C.

By:   _/s/Lisa T. Milton_____
        LISA T. MILTON (P38129)
        Attorney for Defendant Dollar Tree Stores
        100 East Big Beaver Road, Suite 350
        Troy,  MI  48083
        Phone: (248) 641-8486/Fax: (248) 641-8219
Dated: January 18, 2022        Email: ltmilton@brmattorneys.com
**Proof of Service**

I certify that on January 18, 2022, the foregoing paper was electronically filed with the Clerk of the Court and electronically served upon all attorneys of record using this court's e-filing/e-serve system.

 _/s/Kim King_____

4

STATE OF MICHIGAN
OAKLAND COUNTY CIRCUIT COURT

LILIAN FARANSO,

     Plaintiff,

v.                                               Case No. 21-190729-NO
                                            Honorable Phyllis C. McMillen

ELIAS WHITE LAKE LLC, d/b/a
DOLLAR TREE, and DOLLAR TREE STORES, INC.,

     Defendants.

---

| | |
|---|---|
| DAVID K. WHIPPLE (P36767)<br>Skupin & Lucas, P.C.<br>Attorney for Plaintiff<br>155 W. Congress Street, Suite 350<br>Detroit, MI 48226-3298<br>Phone: (313) 961-0425 / Fax: (313) 961-1033<br>Email: dwhipple@skupinandlucas.com | LISA T. MILTON (P38129)<br>Bowen, Radabaugh & Milton, P.C.<br>Attorney for Defendant Dollar Tree Stores<br>100 East Big Beaver Road, Suite 350<br>Troy, MI 48083<br>Phone: (248) 641-8486/Fax: (248) 641-8219<br>Email: ltmilton@brmattorneys.com |
| ARTHUR W. JALKANEN (P33548)<br>Schwartz & Jalkanen, P.C.<br>Attorney for Defendant Elias White Lake<br>24445 Northwestern Hwy., Suite 209<br>Southfield, MI 48075<br>Phone: (248) 352-2555 / Fax: (248) 352-5963<br>Email: ajalkanen@sjpclaw.com | pd/ct |

---

**DEFENDANT'S RELIANCE ON JURY DEMAND**

Defendant, Dollar Tree Stores, Inc., represented by counsel, Bowen, Radabaugh & Milton, P.C., hereby relies upon the jury demand filed by the Plaintiff in this action.

                             Respectfully submitted,

                             BOWEN, RADABAUGH & MILTON, P.C.

                     By:  */s/Lisa T. Milton*
                             LISA T. MILTON (P38129)
                             Attorney for Defendant Dollar Tree Stores
                             100 East Big Beaver Road, Suite 350
                             Troy, MI 48083
                             Phone: (248) 641-8486/Fax: (248) 641-8219
Dated: January 18, 2022             Email: ltmilton@brmattorneys.com

FILED   Received for Filing   Oakland County Clerk   1/18/2022 3:15 PM

**Proof of Service**

I certify that on January 18, 2022, the foregoing paper was electronically filed with the Clerk of the Court and electronically served upon all attorneys of record using this court's e-filing/e-serve system.

 /s/Kim King

# EXHIBIT 4

STATE OF MICHIGAN

IN THE OAKLAND COUNTY CIRCUIT COURT

LILIAN FARANSO

       Plaintiff,

  vs.

                         No. 2021-190729-NO

ELIAS WHITE LAKE, LLC, d/b/a
DOLLAR TREE, a foreign limited liability   HON. PHYLLIS C. MCMILLEN
company,

       Defendant.

---

| | |
|---|---|
| DAVID K. WHIPPLE (P36767) | ARTHUR W. JALKANEN (P33548) |
| Attorney for Plaintiff | Attorney for Defendant |
| 155 W. Congress Street, Suite 350 | 24445 Northwestern, Suite 209 |
| Detroit, Michigan 48226 | Southfield, Michigan 48075 |
| 313-961-1033 | 248-352-2555 |

---

## ORDER FOR DISMISSAL AS TO ELIAS WHITE LAKE, LLC, ONLY

At a session of said court held in the Courthouse, City of Pontiac, Michigan on 1/23/2022 , 2022.

PRESENT: THE HONORABLE PHYLLIS C MCMILLEN
                                  Circuit Court Judge

In accordance with a stipulation to that effect, now therefore;

IT IS HEREBY ORDERED that Defendant Elias White Lake, LLC, only, be dismissed without prejudice and without costs to either party.

The entry of this Order does not dispose of the last pending claim nor close the file.

/s/ Phyllis McMillen
January 23, 2022
CIRCUIT COURT JUDGE

WW

LAW OFFICES
SCHWARTZ, & JALKANEN
24445 NORTHWESTERN
SUITE 209
SOUTHFIELD, MI 48075

(248) 352-2555

2

*700. 03201*

STATE OF MICHIGAN

IN THE OAKLAND COUNTY CIRCUIT COURT

LILIAN FARANSO

        Plaintiff,

   vs.

                                        No. 2021-190729-NO

ELIAS WHITE LAKE, LLC, d/b/a
DOLLAR TREE, a foreign limited liability       HON. PHYLLIS C. MCMILLEN
company,

        Defendant.

---

| | |
|---|---|
| DAVID K. WHIPPLE (P36767) | ARTHUR W. JALKANEN (P33548) |
| Attorney for Plaintiff | Attorney for Defendant |
| 155 W. Congress Street, Suite 350 | 24445 Northwestern, Suite 209 |
| Detroit, Michigan 48226 | Southfield, Michigan 48075 |
| 313-961-0425 | 248-352-2555 |

---

## STIPULATION DISMISSING ELIAS WHITE LAKE, LLC, ONLY

      It is hereby stipulated by and between the attorney for the Plaintiff and the attorney for

Defendant Elias White Lake, LLC, only that the above captioned matter be dismissed as

against Defendant Elias White Lake, LLC, only without prejudice and without costs to either

party.

      The entry of the associated Order does not dismiss the last pending claim nor close the

file.

| | |
|---|---|
| /s/ David Whipple w/consent | /s/ Arthur W. Jalkanen |
| DAVID WHIPPLE (P36767) | ARTHUR W. JALKANEN (P33548) |
| Attorney for Plaintiff | Attorney for Defendant Elias White Lake |

Law Offices
SCHWARTZ, & JALKANEN
24445 NORTHWESTERN
SUITE 209
SOUTHFIELD, MI 48075

(248) 352-2555

1

STATE OF MICHIGAN

IN THE OAKLAND COUNTY CIRCUIT COURT

LILIAN FARANSO

        Plaintiff,

vs.

ELIAS WHITE LAKE, LLC, d/b/a          No. 2021-190729-NO
DOLLAR TREE, a foreign limited liability
company,                              HON. PHYLLIS C. MCMILLEN

        Defendant.

---

| DAVID K. WHIPPLE (P36767) | ARTHUR W. JALKANEN (P33548) |
|---|---|
| Attorney for Plaintiff | Attorney for Defendant |
| 155 W. Congress Street, Suite 350 | 24445 Northwestern, Suite 209 |
| Detroit, Michigan 48226 | Southfield, Michigan 48075 |
| 313-961-1033 | 248-352-2555 |

---

## STIPULATION DISMISSING ELIAS WHITE LAKE, LLC, ONLY

It is hereby stipulated by and between the attorney for the Plaintiff and the attorney for Defendant Elias White Lake, LLC, only that the above captioned matter be dismissed as against Defendant Elias White Lake, LLC, only without prejudice and without costs to either party.

The entry of the associated Order does not dismiss the last pending claim nor close the file.

| | |
|---|---|
| DAVID WHIPPLE (P36767) | ARTHUR W. JALKANEN (P33548) |
| Attorney for Plaintiff | Attorney for Defendant Elias White Lake |

LAW OFFICES
SCHWARTZ, & JALKANEN
24445 NORTHWESTERN
SUITE 209
SOUTHFIELD, MI 48075

(248) 352-2555

1